# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MANOXAY INSISIENMAY (1),<br>MANOSANG ANOUNOY INSISIENMAY (2),<br>DAORINE DETHAMPHAIVAN (4),<br>DAT PHAM TIEN TRAN (5),<br>TROY MICHAEL COOLEY (7),<br>LINDA PHAM INSISIENMAY (8),<br>MALIVE PARKER (9),<br>HEATHER ODOM (10),<br><br>Defendants. | Case No. 19CR0901-H<br><br>ORDER:<br><br>(1) GRANTING JOINT MOTION TO CONTINUE MOTION HEARING; AND<br><br>(2) GRANTING JOINT MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT |

Upon joint motion of the parties (Doc. No. 208), and good cause appearing, the Court GRANTS the parties' joint motion to continue the motion hearing. Accordingly, the motion hearing set for March 23, 2020 at 2:00 p.m. is vacated and continued to June 1, 2020 at 1:30 p.m. before the Court. All Defendants on bond have each filed an acknowledgment of next court date and all Defendants are ordered to appear before the Court on June 1, 2020 at 1:30 p.m., absent further order of the Court.

There are pending defense motions that require a hearing before the Court and the Court continues the pending motions to the June 1, 2020 motion hearing date. Accordingly, the Court finds that time is excluded under 18 U.S.C. § 3161(h)(1)(D). See United States v. Tinklenberg, 563 U.S. 647, 650 (2011) (Holding that time resulting from the filing of a

pretrial motion falls within the Speedy Trial Act's exclusion irrespective of whether it actually causes, or is expected to cause delay in starting a trial.)

The Court continues to find and declare this case complex in light of the number of defendants, the related cases associated with this matter, the nature of the conspiracy charged in this case, and the amount of discovery provided to counsel. Additionally, defense counsel requires additional time to prepare for proceedings and review discovery, including wiretaps. Taking into account the exercise of due diligence by the defense counsel, the Court finds that that the amount of discovery and the nature of the charges make it unreasonable to expect adequate preparation for pretrial proceedings and the trial itself within the time limits established by the Speedy Trial Act. Furthermore, the failure to grant the requested continuance would deny defense counsel the reasonable time necessary for effective preparation and result in a miscarriage of justice. Accordingly, the Court finds that time is excluded under 18 U.S.C. § 3161(h)(7)(A) and (B) and further finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial. See United States v. Tanh Huu Lam, 251 F.3d 852, 858 (9th Cir.), as amended on denial of reh'g and reh'g en banc sub nom. United States v. Lam, 262 F.3d 1033 (9th Cir. 2001) ("[D]eclin[ing] to permit a defendant's interest in a speedy trial to override his attorney's legitimate assessment of the complexity of a case and his corresponding need to prepare" and further noting that "[t]o hold otherwise would risk setting up an irreconcilable conflict with a defendant's right to effective assistance of counsel[.]").

In light of the foregoing reason, the Court GRANTS the parties joint motion to exclude time and orders that time be excluded from March 23, 2020 to June 1, 2020 under the Speedy Trial Act, 18 U.S.C. § 3161(h).

IT IS SO ORDERED.

DATED: March 18, 2020

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE

2